IN THE MATTER OF THE DETERMINATION AND
DECLARATION OF HEIRS OF HO CHANG SHEE,
ALSO KNOWN AS CHANG SHEE, DECEASED.

No. 4356.

JUNE 2, 1965.

TSUKIYAMA, C. J., CASSIDY, WIRTZ, LEWIS, JJ.,
AND CIRCUIT JUDGE KING, IN PLACE OF
MIZUHA, J., DISQUALIFIED.

*Per Curiam.* There is nothing presented by the petition
for rehearing of January 7, 1965 that was not considered
by the court in reaching its decision of December 1, 1964
(48 Haw. 193).

Petitioners note that the four following cases were not
cited in the briefs of the parties. *In re Fink's Estate,* 343
Pa. 65, 21 A.2d 883; *In re Bennett's Estate,* 135 Misc. 486,
238 N.Y. Supp. 723; *Livernash v. DeLorme,* 208 Mich. 295,
175 N.W. 177; *In re Matthews' Estate,* 153 N.Y. 443, 47
N.E. 901. Consequently, it is contended, a rehearing with
oral argument will give petitioners the opportunity to
comment on and evaluate the cases. It is granted that
these cases were not cited by the trial judge or in the briefs
in this court; however, they involve the same theories as
were relied upon by the trial judge. Hence the cases do
not present something new that requires a reopening of
the instant case.

Petitioners assert error in the court's ruling that until
their father's death there had been no issue raised that
any of the twenty children were not also the natural chil-
dren of Chang Shee. In our opinion, 48 Haw. 193 at 195,
we stated:

"* * * The difficulty is that until the death of Ho Poi, the admitted father of all 20 children, there had been no issue raised that any of these children were not also the natural children of Chang Shee, Ho Poi's only lawful wife. Contrariwise, there had been positive sworn statements by Ho Poi, Chang Shee and three of 'the seven' that all 20 children were the children of Ho Poi and Chang Shee. * * *"

Although, as also stated on page 201 of our opinion, there is much in the situation which tends to support the allegations of the petitioners in certain respects, we cannot agree that "the record shows that the division of seven and ten goes back as long as the witnesses can remember," as asserted by petitioners. The record presents no such picture as is painted by the petition, which admittedly is in the field of the hypothetical when it asserts: "Each child would run to his own natural mother and natural brothers and sisters for comfort." The petition concedes that "in Ho Poi's household all twenty were taught to call Chang Shee 'Ah Ma,' or 'mother,' and Chun Shee 'Ah Jay,' or 'concubine.'" Both women were honored members of the household. While the identification of the 17 contesting parties as being natural children of Chang Shee, on the one hand, and of Chun Shee, on the other hand, was not without support in the testimony, it was testimony that the trial court rejected. Under H.R.C.P., Rule 52(a): "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." This rule applies here.

As stated on pages 201-02 of our opinion, if Ho Poi did father children by both Chang Shee and Chun Shee, the parentage of *all* children born after Chun Shee became of childbearing age becomes doubtful. This includes the peti-

tioners as well as the respondents. Petitioners assert that "they [the respondents] would all fail if any one of them should fail to sustain their burden [of proving heirship]." This assertion is supported only by quotation of the maxim *"Falsus in uno, falsus in omnibus,"* which is palpably inapplicable.

Petitioners contend there was error in the standard laid down by this court as to the proof required to refute the relationship of mother and child between Chang Shee and the ten respondents. Petitioners assert that legitimacy is not involved in this case, and that legitimacy has been brought in by respondents as a "big red herring." In a sense, legitimacy is not directly involved. However, the same principles apply. That is, a child of Chang Shee need not be legitimate to inherit from her, but the contention is that the respondents were not born of Chang Shee, and if so they necessarily were illegitimate. Petitioners' whole effort has been to show that the children they were raised with, who were held out to the world by both husband and wife as their lawful children the same as themselves, were in fact the illegitimate children of the husband, their father. Surely, the presumption of legitimacy is supported by very strong policy grounds in this case.

The formula most frequently stated as governing the degree of proof necessary to establish illegitimacy in this type of case is that the evidence must be clear and convincing. Annot., 128 A.L.R. 713, 720, citing, among other cases, *Godfrey* v. *Rowland,* 16 Haw. 377.[1] The trial judge did not find it such, and Rule 52(a) governs the case.

The petition for rehearing is denied without argument.

*Leon L. M. Chun* and *Nicholas W. Y. Char* for the petition.

[1] In our opinion, we used the terminology "irrefragable proof" to describe the degree of proof necessary. No departure from the "clear and convincing" rule was intended.